# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TENNESSEE
### Western Division

| | |
|---|---|
| COMPANION PROPERTY & CASUALTY    ) <br>    INSURANCE COMPANY,                            ) <br>                                                   ) <br>                 Plaintiff,                       ) <br>                                                   ) <br> v.                                                    ) <br>                                                  ) <br> VALERO REFINING CO.-TENNESSEE, LLC,   ) <br>                                                  ) <br>     **Serve: CT Corporation System,**          ) <br>           **Registered Agent**               ) <br>           **800 South Gay St., Ste. 2021**      ) <br>           **Knoxville, TN 37929-9710**        ) <br>                                                  ) <br> and                                                 ) <br>                                                  ) <br> VALERO ENERGY CORPORATION,         ) <br>                                                  ) <br>     **Serve: Tre Hargett, Secretary of State,** ) <br>           **Statutory Agent**                ) <br>           **312 Rosa L. Parks Avenue**         ) <br>           **6th Floor, Snodgrass Tower**       ) <br>           **Nashville, TN 37243-1102**         ) <br>                                                  ) <br> and                                                 ) <br>                                                  ) <br> PREMCOR REFINING GROUP, INC.,      ) <br>                                                  ) <br>     **Serve: Tre Hargett, Secretary of State,** ) <br>          **Statutory Agent**                ) <br>           **312 Rosa L. Parks Avenue**         ) <br>           **6th Floor, Snodgrass Tower**       ) <br>           **Nashville, TN 37243-1102**         ) <br>                                                ) <br> and                                                 ) <br>                                                  ) <br> JAKE McGEHEE,                       ) <br>                                                  ) <br>     **Serve: Jake McGehee,**              ) <br>           **861 McDowell Road**            ) <br>           **Batesville, MS 38606-6812**       ) | C.A. No. 3:14cv_____ |

|  |  |
|---|---|
| and | ) |
|  | ) |
| ROY BLACKWELL ENTERPRISES, INC., | ) |
|  | ) |
| **Serve: Mr. Roy Blackwell,** | ) |
| **Registered Agent** | ) |
| **458 Charleston Gift Road** | ) |
| **Covington, TN 38019-4942** | ) |
|  | ) |
| Defendants. | ) |
|  | ) |

## COMPLAINT FOR DECLARATORY JUDGMENT

The plaintiff, Companion Property & Casualty Insurance Company ("Companion"), by counsel, states the following in support of its Complaint for Declaratory Judgment.

1. This action seeks declaratory judgment under Rule 57 of the Federal Rules of Civil Procedure and Section 2201 of Title 28 of the United States Code, to declare the rights and other legal relations surrounding questions of actual controversy that presently exist between Companion and the defendants, Valero Refining Co.-Tennessee, LLC ("Valero Tennessee"), Valero Energy Corporation ("Valero Energy"), Premcor Refining Group, Inc. ("Premcor," and collectively with Valero Tennessee and Valero Energy, "Valero"), Jake McGehee ("McGehee"), and Roy Blackwell Enterprises, Inc. ("Blackwell," collectively with Valero and McGehee, the "Defendants," and collectively with Valero, McGehee and Companion, the "Parties").

## JURISDICTION

2. The Court has original jurisdiction in this action under Title 28, Section 1332, of the United States Code, as it is a civil action between citizens of different states and the matter in controversy exceeds the sum of $75,000, exclusive of interest and costs.

## PARTIES

3.  Companion is an insurance company, organized and existing under the laws of the State of South Carolina, with its principal place of business in Columbia, South Carolina. Companion, therefore, is a South Carolina citizen, and it is not a citizen of any other state.

4.  Valero Tennessee is a limited liability company organized and existing under the laws of the State of Delaware, with its principal place of business in San Antonio, Texas. Upon information and belief, Valero Tennessee's members at all times relevant to this lawsuit were domiciled or located in states other than South Carolina. Valero Tennessee, therefore, is not a South Carolina citizen, but it is a citizen of Delaware and Texas.

5.  Valero Energy is a corporation organized and existing under the laws of the State of Delaware, with its principal place of business in San Antonio, Texas. Valero Energy, therefore, is a citizen of Delaware and Texas, and it is not a South Carolina citizen.

6.  Premcor is a corporation organized and existing under the laws of the State of Delaware, with its principal place of business in Old Greenwich, Connecticut. Premcor, therefore, is a citizen of Delaware and Connecticut, and it is not a South Carolina citizen.

7.  McGehee is a natural person domiciled in the State of Mississippi. McGehee is therefore a Mississippi citizen, and he is not a citizen of South Carolina.

8.  Blackwell is a corporation organized and existing under the laws of the State of Tennessee, with its principal place of business in Covington, Tennessee. Blackwell, therefore, is a citizen of Tennessee, and it is not a South Carolina citizen.

## VENUE

9.\few The venue of this action is properly predicated upon Section 1391(A) of Title 28 of the United States Code, in that jurisdiction is founded on diversity of citizenship and this action is brought within the judicial district and division in which at least one defendant resides, where at least one defendant does business, and/or in which a substantial part of the events or omissions giving rise to the claim(s) alleged herein occurred.

## STATEMENT OF FACTS

10.\few Companion issued a commercial general liability insurance contract Roy Blackwell Enterprises, Inc. ("Blackwell"), contract number PM3578344 03 05, for the contract period December 22, 2011 to December 22, 2012 (the "Insurance Contract").

11.\few A true copy of the Insurance Contract is appended hereto as Exhibit "1."

12.\few Valero Tennessee entered into an agreement with Blackwell under which Blackwell furnishes certain work and personnel at Valero Tennessee's refinery located in Memphis, Tennessee (the "Refinery").

13.\few One of Blackwell's employees assigned to work at the Refinery during 2012 was millwright Jake McGehee.

14.\few On or about December 3, 2012, McGehee was working at the Refinery with certain Valero Tennessee personnel when an explosion occurred there.

15.\few McGehee reportedly sustained certain injuries in the explosion.

16.\few McGehee has filed a lawsuit against Valero in the 57th Judicial District of Texas (Bexar County) styled <u>Jake McGehee v. Valero Energy Corp., *et al.*</u>, case number 2013Cl19656

(the "Underlying Action"), seeking a judgment in connection with the injuries he allegedly sustained in the explosion at the Refinery.

17. A true copy of McGehee's Complaint in the Underlying Action is appended hereto as Exhibit "2."

18. According to McGehee's Complaint, "[a]t the time of the accident, [Valero] had ordered a test to troubleshoot the refinery's Depropanizer Reflux Pump seal flush system. A flow of fluids was sent through a line to determine whether there was adequate seal flush flow. During the testing, the pressure in the line exceeded the maximum levels, resulting in the discharge. This white cloud of hazardous chemicals directly contacted, and was inhaled by, those at the job site, including" McGehee.  (Exh. 2, sec. IV.)

19. McGehee alleges that Valero was "well aware of problems with equipment in that unit," and that "[r]ather than properly replacing the malfunctioning pump, [Valero] chose to repeatedly make repairs to it after multiple failures. These short-term fixes put all individuals either working or observing in that unit at risk."  (Id.)

20. He further alleges that "the sight flow indicator . . . was not properly rated for the process pressure and composition required for the job.  [Valero] should not have ordered its installation."  (Id.)

21. McGehee avers that "[d]espite a complete lack of planning and identification of the hazards, [Valero] ordered the job to take place on December 3, 2012," and "did so without the proper procedures and precautions in place."  (Id.)

22. Based on these alleged facts, McGehee asserts claims against Valero based on various theories of purported negligence, as well as gross negligence.  (See id., secs. V.1 & V.2.)

23. Blackwell is not a party in the Underlying Action.

24. McGehee does not allege any culpability or liability on Blackwell's part in connection with the explosion or his purported injuries.

25. By letter dated December 6, 2013, Valero's counsel, Michael G. Derrick, Esquire, wrote to Companion and asserted that Valero qualifies as an additional insured under the Insurance Contract, and demanded that Companion defend and indemnify Valero in connection with the Underlying Action (hereinafter, the "Claim").

26. A true copy of Mr. Derrick's December 6, 2013 letter to Companion is appended hereto as Exhibit "3."

27. Mr. Derrick also asserted that Valero Tennessee was party to an indemnification agreement with Blackwell, and that Blackwell and Companion were bound to defend Valero and hold Valero harmless in connection with the Underlying Action pursuant to that purported indemnification agreement.  (See Exh. 3.)

28. Mr. Derrick reported that Valero has not yet been served with the Summons and Complaint in the Underlying Action.  (See Exh. 3.)

29. By letter to Mr. Derrick dated December 23, 2013, Companion advised Valero that it was reserving its rights in connection with the Claim and the Underlying Action.

30. A true copy of Companion's December 23, 2013 letter to Mr. Derrick is appended hereto as Exhibit "4."

31. Based on the allegations in McGehee's complaint in the Underlying Action and the Insurance Contract's terms, conditions, limitations and exclusions, Companion has no duty to defend Valero in the Underlying Action, nor does it have a duty to pay any judgment or settlement in the Underlying Action.

32. Specifically, Valero does not qualify as an insured under the Insurance Contract.

33. The purported indemnification agreement between Valero Tennessee and Blackwell also does not qualify as an "insured contract" under the Insurance Contract.

34. For each of these reasons, as further alleged herein, Companion is entitled to declaratory judgment that it has no obligation to pay insurance benefits to Valero, McGehee, or anyone else in connection with the Claim.

### FIRST REQUEST FOR DECLARATORY JUDGMENT – THE CLAIM DOES NOT FALL WITHIN THE INSURANCE CONTRACT'S INSURING AGREEMENT BECAUSE VALERO DOES NOT QUALIFY AS AN INSURED

35. Companion hereby restates the allegations set forth in Paragraphs 1-34 of this Complaint, as if those paragraphs were re-alleged verbatim here.

36. The Insurance Contract's insuring agreement provides, in part, that Companion agrees to "pay those sums that the insured becomes legally obligated to pay as damages because of 'bodily injury' . . . to which this insurance applies."  (Exh. 1, Comm'l Gen'l Liab. Cov., sec. I.A.1.a.)

37. The Insurance Contract provides that an "insured" means the person or organization identified in the contract's Declarations as the Named Insured, as well as "[y]our . . . 'employees', other than either your 'executive officers' (if you are an organization other than a partnership, joint venture or limited liability company) or your managers (if you are a limited liability company), but only for acts within the scope of their employment by you or while performing duties related to the conduct of your business. . . ."  (Id., secs. II.1c.-d. & II.2.a.)

38. Furthermore, "the words 'you' and 'your' refer to the Named Insured shown in the Declarations, and any other person or organization qualifying as a Named Insured under this policy."  (Id., preamble.)

39. Additionally, insured also means "any person or organization for whom you are performing operations when you and such person or organization have agreed in writing in a contract or agreement that such person or organization be added as an additional insured on your policy. Such person or organization is an additional insured only with respect to liability for 'bodily injury' . . . caused, in whole or in part, by . . . [y]our acts or omissions . . . or . . . [t]he acts or omissions of those acting on your behalf . . . in the performance of your ongoing operations for the additional insured." (Id., Gen'l Liab. Cov. Ext. End., p. 4 of 8, sec. A.)

40. The Named Insured under the Insurance Contract is Blackwell.

41. Valero is not a Named Insured under the Insurance Contract.

42. Under the Insurance Contract's "General Liability Coverage Extension" endorsement, Valero only qualifies as an additional insured with respect to liability for "bodily injury" caused, in whole or in part, by Blackwell's acts or omissions or the acts or omissions of those acting on Blackwell's behalf in the performance of its ongoing operations for Valero. (See id.)

43. Such alleged culpability by Blackwell is thus a *sine qua non* for Valero to qualify as an additional insured under the Insurance Contract.

44. McGehee does not allege any wrongdoing by Blackwell or any liability on Blackwell's part in connection with the December 3, 2012 explosion at the Refinery, or with McGehee's alleged injuries.

45. As the complaint in the Underlying Action does not allege any culpability or liability on Blackwell's part, Valero does not qualify as an insured under the terms of the Insurance Contract's "General Liability Coverage Extension" endorsement.

46.     For at least this reason, declaratory judgment should be entered in Companion's favor in this lawsuit, to the effect that Companion has no duty to defend Valero in the Underlying Action and no duty to pay indemnity benefits to Valero, McGehee, or anyone else in connection with the Underlying Action.

### SECOND REQUEST FOR DECLARATORY JUDGMENT – EVEN ASSUMING *ARGUENDO* THAT THE CLAIM FELL WITHIN THE INSURANCE CONTRACT'S INSURING AGREEMENT, LIABILITY INSURANCE IS EXCLUDED FOR THE CLAIM UNDER THE INSURANCE CONTRACT'S "CONTRACTUAL LIABILITY" EXCLUSION

47.     Companion hereby restates the allegations set forth in Paragraphs 1-46 of this Complaint, as if those paragraphs were re-alleged verbatim here.

48.     The Insurance Contract further provides, in part, that "[t]his insurance does not apply to . . . '[b]odily injury' . . . for which the insured is obligated to pay damages by reason of the assumption of liability in a contract or agreement.  This exclusion does not apply to liability for damages . . . [a]ssumed in a contract or agreement that is an 'insured contract'. . . ."  (Exh. 1, Comm'l Gen'l Liab. Cov., sec. I.A.2.b(2).)

49.     The Insurance Contract defines "insured contract" to mean "[t]hat part of any . . . contract or agreement pertaining to your business . . . under which you assume the tort liability of another party to pay for 'bodily injury' . . . to a third person or organization, provided the 'bodily injury' . . . is caused, in whole or in part, by you or by those acting on your behalf."  (Id., Amend. Insd. Contr. Def. End., sec. 9.f.)

50.     Although there is reportedly an indemnification clause included in the written work agreement between Valero and Blackwell, and Valero has tendered its defense to Blackwell and to Companion pursuant to that purported agreement, McGehee does not allege any culpability or liability on Blackwell's part.

51. Thus, irrespective of the purported indemnification agreement's terms, it cannot conform to the Insurance Contract's definition of an "insured contract" because McGehee does not allege that his purported injuries were caused, in whole or in part, by Blackwell or those acting on its behalf.

52. As the purported indemnification agreement cannot qualify as an "insured contract," the Insurance Contract excludes insurance coverage for any liability Blackwell might have to Valero under the purported indemnification agreement.

53. For this separate, independent reason, declaratory judgment should be entered in Companion's favor.

54. Companion reserves the right to amend this Complaint to assert further grounds for declaratory judgment based on evidence developed in the course of discovery in this lawsuit.

WHEREFORE, Companion respectfully prays that this Court enter an Order, ADJUDGING, ORDERING, and DECREEING that:

(1) The Claim does not fall within the Insurance Contract's insuring agreement and Companion, therefore, has no duty to defend Valero in the Underlying Action, and no duty to pay any amount in insurance benefits to Valero, McGehee, Blackwell, or anyone else in connection with the Claim and the Underlying Action;

(2) Alternatively, under at least one of the Insurance Contract's exclusions alleged herein, Companion has no duty to defend Valero in the Underlying Action, and no duty to pay any amount in insurance benefits to Valero, McGehee, Blackwell, or anyone else in connection with the Claim and the Underlying Action; and

  (3)  Companion is awarded all such other and further relief as the Court may deem appropriate and just.

                 Respectfully submitted,

                 COMPANION PROPERTY &
                   CASUALTY INSURANCE COMPANY

                 By:  MIDKIFF, MUNCIE & ROSS, P.C.

                  /s/ Brian J. Rife
                    Of Counsel

Brian J. Rife  (Bar No. 023853)
Midkiff, Muncie & Ross, P.C.
110 Piedmont Avenue, Suite 202
Bristol, Virginia 24201
(276) 644-9600
(276) 644-4679 (facsimile)
brife@midkifflaw.com
*Counsel for Companion Property & Casualty Insurance Company*

Robert Tayloe Ross, Esquire  (*pro hac vice* admission application to be submitted)
Kevin T. Streit, Esquire  (*pro hac vice* admission application to be submitted)
Midkiff, Muncie & Ross, P.C.
300 Arboretum Place, Suite 420
Richmond, Virginia 23236
(804) 560-9600
(804) 560-5997 (facsimile)
rross@midkifflaw.com
kstreit@midkifflaw.com
*Co-Counsel for Companion Property & Casualty Insurance Company*